

MSM/JLU: USAO 2024R00604

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | USDC- GREENBELT |
| v. | * | '26 JAN 15 PM3:58 |
| | * | **CRIMINAL NO. DLB-25-137** |
| JOEL THOMAS BIERMANN | * | |
| | * | **(Production of Child Pornography,** |
| Defendant | * | **18 U.S.C. § 2251(a), (c), and (e);** |
| | * | **Distribution of Child Pornography,** |
| | * | **18 U.S.C. § 2252A(a)(2)(A) and (b)(1);** |
| | * | **Possession of Child Pornography,** |
| | * | **18 U.S.C. § 2252A(a)(5)(B) and (b)(2);** |
| | * | **Forfeiture, 18 U.S.C. § 2253,** |
| | * | **21 U.S.C. § 853(p))** |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

Between on or about October 26, 2012, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

### JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce one or more minors to engage in any sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and such visual depiction was produced or transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction

was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about April 3, 2013, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

## JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce one or more minors to engage in any sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and such visual depiction was produced or transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

3

## COUNT THREE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about December 15, 2019, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

### JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct outside the United States, its territories or possessions, for the purpose of producing a visual depiction of such conduct, and the defendant intended such visual depiction to be transported to the United States, by any means, including by using any means and facility of interstate and foreign commerce and mail, and the defendant transported such visual depiction to the United States, by any means, including by using any means and facility of interstate and foreign commerce.

18 U.S.C. § 2251(c) and (e)

## COUNT FOUR
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about December 16, 2019, and on or about October 28, 2024, in the

District of Maryland and elsewhere, the defendant,

## JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce Victim 2, a minor, to

engage in any sexually explicit conduct outside the United States, its territories or possessions,

for the purpose of producing a visual depiction of such conduct, and intended such visual

depiction to be transported to the United States, by any means, including by using any means and

facility of interstate and foreign commerce and mail, and the defendant transported such visual

depiction to the United States, by any means, including by using any means and facility of

interstate and foreign commerce.

18 U.S.C. § 2251(c) and (e)

5

## COUNT FIVE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about December 17, 2019, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

**JOEL THOMAS BIERMANN,**

attempted to and did employ, use, persuade, induce, entice, and coerce Victim 3, a minor, to engage in any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing a visual depiction of such conduct, and the defendant intended such visual depiction to be transported to the United States, by any means, including by using any means and facility of interstate and foreign commerce and mail, and the defendant transported such visual depiction to the United States, by any means, including by using any means and facility of interstate and foreign commerce.

18 U.S.C. § 2251(c) and (e)

## COUNT SIX
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about December 18, 2019, and on or about October 28, 2024, in the

District of Maryland and elsewhere, the defendant,

### JOEL THOMAS BIERMANN,

attempted to and did employ, use, persuade, induce, entice, and coerce Victim 4, a minor, to

engage in any sexually explicit conduct outside of the United States, its territories or possessions,

for the purpose of producing a visual depiction of such conduct, and the defendant intended such

visual depiction to be transported to the United States, by any means, including by using any

means and facility of interstate and foreign commerce and mail, and the defendant transported

such visual depiction to the United States, by any means, including by using any means and

facility of interstate and foreign commerce.

18 U.S.C. § 2251(c) and (e)

## COUNT SEVEN
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about March 13, 2016, in the District of Maryland and elsewhere, the defendant,

## JOEL THOMAS BIERMANN,

did knowingly distribute any child pornography and any material that contained child pornography, using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(2)(A) and (b)(1)

## COUNT EIGHT
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about November 7, 2012, and on or about October 28, 2024, in the District of Maryland and elsewhere, the defendant,

**JOEL THOMAS BIERMANN,**

did knowingly possess any material that contained an image of child pornography, including an image of child pornography involving a prepubescent minor and a minor who had not attained 12 years of age, which had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which image was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), as a result of the defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2.      Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One through Eight of this Indictment, the defendant,

### JOEL THOMAS BIERMANN,

shall forfeit to the United States:

a.      Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, the following electronic devices seized from the defendant's residence on October 28, 2024, that is:

10

    a.     an iPhone 12, S/N: F17DR3370DY3;

    b.     A Western Digital My Book Hard Drive, S/N: WD-WCAUF0404936;

    c.     A Seagate Wireless Plus External Drive, S/N: NA325B9R;

    d.     Acer Laptop with SD Card, S/N: NXG7WAA00660401C287200202105050313;

    e.     Hitachi Drive, S/N: 100611PBL2003SKZ25RV; and

    f.     iPhone 15 Plus, S/N: L5965D4C9C.

## Substitute Assets

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

11

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 2253(b).


18 U.S.C. § 2253
21 U.S.C. § 853(p)

Kelly O. Hayes,
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date 1/15/26

12