**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Criminal No. DLB-25-137** |
| | * | |
| **JOEL THOMAS BIERMANN,** | * | |
| | * | |
| **Defendant** | * | |

**\*\*\*\*\***

**<u>GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL</u>**

The Defendant Joel Thomas Biermann moved to compel his former Employer's compliance with a Rule 17 subpoena. Because the responsive records are now within the possession, custody, and control of the prosecution team, the Court should deny the motion as moot.

**BACKGROUND**

**I.      Employer's Report of Biermann's Possible Child Exploitation to the FBI**

In February 2024, Biermann's employer ("Employer") reported potential violations of federal and state criminal law to the Federal Bureau of Investigation ("FBI"), pursuant to Section 1.6(b) of Executive Order 12333 and the 1995 Crimes Reporting Memorandum of Understanding between the United States Department of Justice and the Intelligence Community. Employer reported to the FBI that Biermann—who worked as a consultant with Booz Allen Hamilton and served as an on-site contractor with Employer's Office of Human Resources—had engaged in potential criminal conduct related to the sexual exploitation of children. In a part-time capacity, Biermann also served as the mayor of University Park in Prince George's County, Maryland.

1

II.     **The FBI's Execution of Federal Search Warrants**

On May 1, 2024, United States Magistrate Judge Gina L. Simms signed warrants authorizing the search of Biermann's electronic accounts. *See* Case Nos. GLS-24-mj-1064, GLS-24-mj-1065, and GLS-24-mj-1066. On August 6, 2024, United States Magistrate Judge Ajmel A. Quereshi signed a follow-on search warrant for Biermann's Facebook account, as well as search warrants for the Facebook accounts of other individuals who communicated with Biermann over Facebook and helped facilitate Biermann's exploitation of children. *See* Case Nos. AAQ-24-mj-1909, AAQ-24-mj-1910, AAQ-24-mj-1911, AAQ-24-mj-1912, and AAQ-24-mj-1913.

On October 25, 2024, Judge Quereshi signed warrants authorizing the search of Biermann's person, residence, and vehicle for evidence. *See* Case Nos. AAQ-24-mj-2663, AAQ-24-mj-2664, and AAQ-24-mj-2665. Three days later, on October 28, 2024, the FBI executed the warrants and seized multiple devices belonging to Biermann.

III.    **Biermann's State Charges of Possession, Distribution, and Solicitation of Child Pornography**

That same day, on October 28, 2024, Biermann was arrested on state charges of possession, distribution, and solicitation of child pornography, filed in the District Court for Prince George's County. *See Maryland v. Joel Biermann*, Case No. D-05-CR-24-018417. Two days later, on October 30, 2024, a bail review hearing was held, and Biermann was ordered held in jail without bond. On December 19, 2024, Biermann was indicted with approximately 54 counts of possession, distribution, and solicitation of child pornography in the Circuit Court for Prince George's County. *See Maryland v. Joel Biermann*, Case No. C-16-CR-24-002917.

**IV.    Biermann's Federal Charges of Production, Distribution, and Possession of Child Pornography**

On May 1, 2025, a federal grand jury returned a four-count indictment charging Biermann with two counts of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography.  ECF 1.  A few days later, on May 5, 2025, Biermann's state charges were nolle prossed.  That same day, Biermann appeared before Judge Quereshi for his initial appearance and arraignment in federal court.  ECF 6.  On May 9, 2025, a detention hearing was held, and Judge Quereshi ordered that Biermann remain detained pending trial.  ECF 18.

On January 15, 2026, a federal grand jury returned an eight-count Superseding Indictment (ECF 42), charging Biermann with six production counts, one distribution count, and one possession count.

**A.    Counts One and Two – Production of Child Pornography**

Counts One and Two charge Biermann with respect to his requests for and purchase of commissioned sets of child sexual abuse materials ("CSAM") of Filipino boys beginning in 2012. As detailed in the government's detention memorandum (ECF 15), Biermann directed and paid co-conspirators in the Philippines to commission photo sets of nude boys in various sexual positions, including photos of a minor victim holding a sign near his exposed genitalia that read, "I love Joel."

**B.    Counts Three Through Six – Production of Child Pornography**

Counts Three through Six also charge Biermann with production of child pornography but concern Biermann's hands-on sexual abuse of multiple prepubescent boys in the Philippines.  The evidence underlying these charges include approximately five video recordings and over 800

3

images that depict Biermann sexually abusing and attempting to rape four prepubescent minor victims in a hotel room in the Philippines in December 2019.

### C. Biermann's Sexual Abuse of Additional Minor Victims Residing in the United States

Based on a forensic review of Biermann's devices, investigators also have identified two Black-American minor victims (Victims 5 and 6) sexually abused by Biermann.[1]  With respect to Victim 5, investigators have identified text messages between Biermann and Victim 5 from October 15, 2012, to October 23, 2023, when Victim 5 was approximately 15 to 16 years old.  The messages include nude CSAM images of Victim 5, as well as references to Biermann and Victim 5 having had sex together and making multiple plans to meet and have sex.  On or about September 3, 2025, Victim 5 (who is now an adult) was forensically interviewed.  Victim 5 told investigators that he first met Biermann online when Victim 5 was approximately 14 years old.  Victim 5 reported that Biermann met up with him on multiple occasions, including at Victim 5's school and a motel room, to engage in various sex acts.

Victim 6, who resided in Maryland, died in 2016.  Investigators have identified nearly 6,000 text messages between Biermann and Victim 6 from approximately June 5, 2011, to June 19, 2013, when Victim 6 was approximately 16 to 18 years old.  On multiple occasions, Biermann and Victim 6 discussed Victim 6's age, having sex together, and Victim 6's requests for money from Biermann.

In addition, in a series of documents created on or about June 18, 2017, by the user "Joel

---

[1] Biermann's conduct with respect to these two victims is not charged at this time.  The government is evaluating whether it will seek a Second Superseding Indictment with additional child exploitation charges.  The government produced forensic reports and hosted multiple in-office discovery reviews where it has made the CSAM and related messages available for the defense's review.

Biermann," investigators have identified the following conversation between Biermann using the Skype name "kill[N-WORD]boys"[2] and another individual using the Skype name "BoyFRsuck," dated June 9 with the year omitted.  In the conversation, Biermann appears to be discussing the suicide of an individual who is believed to be Victim 6.

> kill[N-WORD]boys:  youngest was 11 and oldest was 15, but I like boys as young as 2
>
> BoyFRsuck:          you rape , you force them ?
>
> kill[N-WORD]boys:  forced it on all of them. one of them who was 13 when I started molesting it has since killed itself. not sure if I was the reason, but I hope so ;)

## V.      Biermann's Rule 17 Subpoena to Employer

Even though the charges and underlying evidence against Biermann do not concern Employer's report to investigators, Biermann has subpoenaed a wide range of records from Employer in advance of a pretrial motions hearing.   Biermann's original subpoena, which the Court reissued on November 13, 2025 (ECF 34), requested six categories of records from Employer.

On January 7, 2026, Biermann filed the instant motion to compel Employer to comply with the subpoena (ECF 41).  On March 4, 2026, the Court held a status call with the parties.  During the call, the defense narrowed its request for records to Item 5 (records authored by Employer regarding its investigation of Biermann) and Item 6 (all communications between Employer and law enforcement regarding Biermann) on the subpoena.  ECF 50.

## VI.     The Government's Discovery Productions

In response to a prudential search request, Employer made records responsive to the subpoena available for the prosecution team's review on February 20, 2026.  Following the review,

---

[2] The n-word is spelled out in all capital letters.

the FBI obtained copies of the responsive records. Some of these materials are unclassified, and some are classified.

From May 8, 2025, through March 12, 2026, the government made a total of 11 discovery productions to the defense. Three of these productions included unclassified materials responsive to the subpoena:

- The warning banner which Biermann had to accept each time he used his work computer;[3]

- Certain Employer policies; and

- All communications between law enforcement (the FBI) and Employer (Item 6).

Records responsive to Item 5—which are now within the FBI's possession, custody, and control—have not been produced to the defense. The materials include classified national defense information.

**ARGUMENT**

The Court should deny Biermann's motion to compel as moot because Employer has complied with the subpoena. Records responsive to Item 5 are now within the prosecution team's possession, custody, and control. *See Pinson v. United States Dep't of Justice*, 2017 WL 6883924, at *1 (D.D.C. June 26, 2017) (denying motion to compel as moot where party has agreed to produce responsive materials); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85,

---

[3] The banner provided, among other things, that Biermann had "no reasonable expectation of privacy regarding communications or data transiting or stored on this information system," that "[a]ny communications or data transiting or stored on this information system may be disclosed or used for any lawful USG purpose," and that "[a]ll communications or data using this information system, even if personal in nature and without relevance to official business, is subject to federal retention and disclosure requirements in accordance with applicable federal law."

88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

To the extent Biermann now requests the government be ordered to produce Item 5 records under Rule 16 of Federal Rules of Criminal Procedure, those materials include classified national defense information, and therefore, the Classified Information Procedures Act, 18 U.S.C. App. III §§ 1-16 ("CIPA"), will be implicated. Accordingly, the government has filed a motion pursuant to CIPA (ECF 49), requesting a pretrial conference and the appointment of a classified information security officer, which remains pending.

## CONCLUSION

For the foregoing reasons, the Court should deny Biermann's motion to compel as moot.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: ____/s/_____
    Megan S. McKoy
    Assistant United States Attorney

7